UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
545 HALSEY LANE PROPERTIES, LLC,

                Plaintiff,

        -against-
                               **MEMORANDUM OF
                               DECISION AND ORDER**
                               14-cv-2368 (ADS)(GRB)

TOWN OF SOUTHAMPTON, TOWN OF
SOUTHAMPTON ZONING BOARD OF
APPEALS, ADAM GROSSMAN, HELEN
BURGESS, BRIAN DeSESA, DENISE
O'BRIEN, KEITH TUTHILL, DAVID CANGE
and JOHN and JANE DOES Nos. 1-6,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Neufeld & O'Leary**
*Attorneys for the Plaintiff*
370 Lexington Avenue
Suite 908
New York, NY 10017
      By:  David Samuel Julian Neufeld, Esq., Of Counsel

**Devitt Spellman Barrett, LLP**
*Attorneys for the Defendants*
50 Route 111
Smithtown, NY 11787
      By:  David H. Arnsten, Esq.
            Kelly E. Wright, Esq., Of Counsel

**SPATT, District Judge.**

On April 11, 2014, the Plaintiff 545 Halsey Lane Properties, LLC (the "Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 challenging the denial of its appeal to the Defendant Town of Southampton Zoning Board of Appeals ("ZBA") from a decision of the Town of Southampton Building Inspector denying the Plaintiff's request for a building permit to erect a regulation-size basketball court on its property. The property at issue is subject to an

agricultural reserve pursuant to a Grant of Easement afforded to the Town by the Plaintiff's predecessor-in-title. The Plaintiff alleges a violation of its Substantive Due Process rights under the Fourteenth Amendment to the United States Constitution and breach of contract.

On May 30, 2014, the Defendants Town of Southampton (the "Town"), the ZBA, plus Adam Grossman, Helen Burgess, Brian DeSesa, Denise O'Brien, Keith Tuthill, and David Cange (the "Individual Defendants," and collectively the "Defendants"), moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

Also pending before the Court is a letter motion by the Plaintiff to strike certain arguments raised for the first time in the Defendants' reply memorandum in support of their motion to dismiss. For the following reasons, the Court (1) grants the motion to dismiss the Substantive Due Process claim and dismisses that claim; (2) declines to exercise supplemental jurisdiction over the New York State breach of contract claim and dismisses that claim without prejudice; and (2) denies as moot the motion to strike.

## I. BACKGROUND

Unless stated otherwise, the following facts are drawn from the complaint and construed in a light most favorable to the non-moving party, the Plaintiff.

A. The Parties

The Plaintiff is a New York limited liability company.

The Town is a municipal corporation.

The ZBA is a Board created by the Board of Southampton pursuant to New York Town Law § 267.

The Defendant Adam Grossman ("Grossman"), sued in his individual capacity, is and/or

was a member and Vice Chairperson of the ZBA at the relevant times herein.

The Defendant Helen Burgess ("Burgess"), sued in her individual capacity, is and/or was a member of the ZBA at the relevant times herein.

The Defendant Brian DeSesa ("DeSesa"), sued in his individual capacity, is and/or was a member of the ZBA at the relevant times herein.

The Defendant Denise O'Brien ("O'Brien"), sued in her individual capacity, is and/or was a member of the ZBA at the relevant times herein.

The Defendant Keith Tuthill ("Tuthill"), sued in his individual capacity, is and/or was a member of the ZBA at the relevant times herein.

The Defendant David Cange ("Cange"), sued in his individual capacity, is and/or was a member of the ZBA at the relevant times herein.

The Defendants John and Jane Doe Nos. 1 through 6 are presently unknown individuals and entities.

B. Factual Background

By deed dated February 26, 2003, the Plaintiff purchased a 40.747 acre parcel of property located in the Town, known as Suffolk County Tax Map No. 900-105-1-1.030 (the "Property").

The Property is identified on a subdivision map known as the Map of Broadlands, approved by the Town Planning Board (the "Planning Board") on July 3, 1980, and filed in the Office of the Suffolk County Clerk on August 29, 1980, as Map No. 6930. All or part of the Property had been utilized as agricultural farmland since prior to the establishment of the Broadlands Subdivision.

In 1980, the prior owners of the Property, Raymond G. Wesnofske and Leonard Schulman (the "Grantors"), entered into an agreement with the Town pursuant to New York

General Municipal Law § 247 that imposed certain understandings and agreements concerning use of the Property.

The aforesaid agreement was memorialized within a Grant (the "Grant") which, following a public hearing, was authorized by the Town Board by Resolution dated August 16, 1980. The Grant, which was filed in the Office of the Suffolk County Clerk, expressly reserved to the Grantors and their "successors, heirs, legal representatives, and assigns" numerous property rights, including future uses of, and rights to make improvements on, the Property. The Plaintiff is a successor-in-title and interest to the Grantors. Under the terms of the Grant, in consideration for the subdivision and aforementioned easement rights, the Grantors expressly retained and reserved for themselves and their successors the right to utilize the Property for "some or all" of the following:

1. Farming operations and activities, including soil preparation, cultivation, fertilization, irrigation, pest control, water and drainage control, farm buildings, all other normal and customary farming operations and the use of farm vehicles and equipment in connection therewith . . .;

2. Open, fallow, landscaped and wooded areas, with lanes, walkways, foot paths, and ponds or brooks;

3. Recreational areas, for compatible recreational uses; and

4. One single family dwelling and customary accessory uses and structures incidental thereto;

The Grant further provided that the Grantors and their successors were not restricted from constructing upon, maintaining, or utilizing the Property "to the extent specifically required or useful for or in aid of" the retained and reserved property uses.

The Property is located in the R-80 Residential Zoning District and is also within an Agricultural Overlay District ("AOD") established by the Town in 1972. However, at the time of the Grant, the Town Code (the "Town Code") did not restrict construction or development

within the AOD. Subsequent to the execution of the Grant, the Town amended the Town Code to limit construction on certain land located within the AOD to which "development rights" had been transferred to the Town. On such land, only structures "incidental to agricultural production as the same is presently defined by § 301 of New York State Agricultural and Market Law" could be constructed. At no time was the Property the subject of a transfer of development rights as defined by the Town Code.

In 1994, the Town Code was amended to add § 330-51(A), which limited construction on land within the AOD that had been "preserved for agricultural purposes as a condition of subdivision or site plan approval by a grant of easement . . ." The 1994 amendment to the Town Code prohibited all construction within the AOD except for agricultural structures permitted by the Town Board, and the Town Board's permitting authority was limited to structures "customarily accessory and incidental to agricultural production as the same is or shall hereafter be defined in § 301 of the New York State Agricultural and Markets Law . . ."

Permit applications to construct agricultural structures within the AOD were to be made to the Town Board and processed under the "same procedural requirements as set forth in Section 330-50D" and, in 1998, the Town Code was further amended to transfer this permitting authority from the Town Board to the Planning Board.

In the interim, during 1996, a former owner of the Property sought to construct a single-family residence with certain accessory structures on the Property, and was directed to make an application to the Town Board. At the time of the application, the Town Code prohibited the issuance of permits for structures "intended for human habitation." The application was considered by the Town Board, which referred the matter to the Farmland Committee, a

predecessor of the Town's Agricultural Advisory Committee, and the Planning Board for their respective reports and recommendations.

The Planning Board issued a report to the Town Board concluding that the use of the Property was not restricted to agricultural uses and that the Grant "sets forth the permitted uses, restrictions and conditions that must be adhered to" on the Property and recommended that a construction permit for the residence be issued.

The Farmland Committee issued a report to the Town Board concluding that, pursuant to the Grant, the uses permitted on the Property expressly included, among other things, "agricultural, open space [and] recreational" uses and the erection of one single-family residence with accessory structures. By Resolution dated December 23, 1997, the Town Board issued a permit for the construction of a single-family residence and accessory structures on the Property. The Plaintiff's predecessor-in-title to the Property subsequently constructed a residence and certain other structures on the Property.

After purchasing the Property in 2003, the Plaintiff placed a small unadorned baseball diamond, children's recreational playground, and art sculptures on the Property.

In August 28, 2013, the Plaintiff took steps to place a recreational basketball court, with dimensions of 54 feet by 88 feet, on the Property. The Plaintiff was directed to submit an application to the Town Building Department.

By letter dated September 4, 2013, the Town Building and Zoning Inspector denied the Plaintiff's application on the grounds that a basketball court was not permitted on an "agricultural reserve."

On October 22, 2013, the Plaintiff appealed from the determination of the Building Inspector to the ZBA, arguing that the denial of its application to build a recreational basketball

6

court was erroneous and improper and in direct conflict with the Grant and New York General Municipal Law § 247. In particular, the Plaintiff contended, among other things, that (1) the Town Code must be applied so as to uphold and not impair the rights set forth in the Grant, to which the Town was a party and a beneficiary, created under New York State law and (2) the ZBA may not depart from prior precedents, particularly where the Town Board previously granted permission to construct a dwelling on the Property.

On October 29, 2013, the Plaintiff filed a notice of claim pursuant to New York Town Law § 65 concerning the denial of its building permit application.

On December 5, 2013, the appeal was the subject of a hearing before the ZBA, at which time the Plaintiff's attorney was heard.

On February 6, 2014, the ZBA denied the appeal on the grounds that the "Town Code § 330-51 prohibits the erection of a basketball court on the premises which has been preserved for agricultural purposes as a condition of subdivision approval by grant of Easement dated July 15, 1980, to the Town." In particular, the ZBA rejected the Plaintiff's argument that it was bound by its earlier findings with respect to the single family dwelling on the Property because they were based on a different provision of the Grant. (Defs' Exh. E.)

The Plaintiff subsequently filed a proceeding in New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules challenging the ZBA decision. That proceeding is pending.

C. Procedural History

On April 11, 2014, the Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. As noted above, the Plaintiff alleges a violation of its Substantive Due Process rights under the

Fourteenth Amendment to the United States Constitution and that the Town's denial of the building permit constituted a breach of contract under New York State law.

On May 30, 2014, the Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. The Defendants argue that (1) the Plaintiff fails to plausibly allege a constitutionally protected property right or that the Defendants acted in a conscience-shocking manner with respect to any such right; (2) the Plaintiff fails to plausibly allege, as required by Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), a custom or policy of the Town which caused an injury to the Plaintiff; (3) the Individual Defendants are entitled to qualified immunity; and (3) this Court should decline to exercise supplemental jurisdiction over the Plaintiff's breach of contract claim.

On July 17, 2014, the Plaintiff filed a memorandum in opposition to the motion to dismiss.

On August 13, 2014, the Defendants filed a reply memorandum in support of their motion to dismiss, asserting, for the first time, that the Individual Defendants are protected by absolute immunity as both "legislative" and "quasi-judicial" actors.

On August 14, 2014, the Plaintiff filed a letter motion to strike that part of the reply memorandum invoking absolute immunity.

On August 18, 2014, the Defendants filed a letter in opposition to the motion to strike. In particular, the Defendants note that absolute immunity is, unlike a traditional affirmative defense, immunity from suit altogether. Therefore, according to the Defendants, this Court should consider absolute immunity notwithstanding the Defendants' failure to raise this argument in its initial motion papers.

However, as the Court grants the motion to dismiss on other grounds, it need not address the alleged absolute immunity of the Individual Defendants with respect to the underlying events. Accordingly, the Court denies the motion to strike as moot.

D. The Related Action

Previously, on February 6, 2014, the Plaintiff commenced an action, docket no. 14-cv-800, pursuant to 42 U.S.C. § 1983 challenging two decisions by the Planning Board involving conditional approvals of the Plaintiff's applications for a building permit for the construction of a barn and/or barns on the Property.

On April 3, 2014, the Defendants in that action, including the Planning Board, moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss that complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

On June 13, 2014, in docket no. 14-cv-800, the Plaintiff moved pursuant to Fed. R. Civ. P. 42 to consolidate the two actions.

On August 19, 2014, the Court issued a Memorandum of Decision and Order that denied the motion to dismiss; reserved decision on the motion to dismiss in this action; and reserved decision on the motion to consolidate.

II. DISCUSSION

A. The Rule 12(b)(6) Standard

Under the now well-established Twombly standard, a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills,

9

572 F.3d 66 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 556 U.S. at 663, 129 S. Ct. 1937). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 664, 129 S. Ct. 1937). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 664, 129 S. Ct. 1937.

Finally, "in adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. WestPoint–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

B. The Substantive Due Process Claim

Causes of action based on alleged violations of "Due Process" are "based on the Fourteenth Amendment, as implemented by section 1983, and require[ ] the existence of a federally protectible property right and the denial of such a right in the absence of either procedural or substantive due process." Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999); see also Rackley v. City of New York, 186 F. Supp. 2d 466, 479 (S.D.N.Y. 2002).

Because the United States Constitution generally does not create property interests, this Court, in applying the entitlement test, looks to "existing rules or understandings that stem from an independent source such as state law to determine whether a claimed property right rises to the level of a right entitled to protection under the substantive [or procedural] due process doctrine." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 130 (2d Cir. 1998)(internal quotation marks omitted)(citing Brady v. Town of Colchester, 863 F.2d 205, 212 (2d Cir. 1988)(quoting Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972))). Accordingly, in this case, the Court turns to New York State law to determine whether the Plaintiff has a protectible property right.

In assessing this issue, the Court is mindful of the general proscription that "federal courts should not become zoning boards of appeal to review nonconstitutional land[-]use determinations by the [C]ircuit's many local legislative and administrative agencies." Sullivan v. Town of Salem, 805 F.2d 81, 82 (2d Cir. 1986). Indeed, "the Due Process Clause does not function as a general overseer of arbitrariness in state and local land-use decisions; in our federal system, that is the province of the state courts." Zahra v. Town of Southold, 48 F.3d 674, 680 (2d Cir. 1995).

"In order for an interest in a particular land-use benefit to qualify as a property interest for the purposes of the . . . due process clause[,] a landowner must show a 'clear entitlement' to that benefit." O'Mara v. Town of Wappinger, 485 F.3d 693, 700 (2d Cir. 2007)(citing Clubside, Inc. v. Valentin, 468 F.3d 144, 152 (2d Cir. 2006)). A mere "abstract need or desire" for the benefit is insufficient. RRI Realty Corp. v. Inc. Vill. of Southampton, 870 F.2d 911, 915 (2d Cir. 1989)(quoting Roth, 408 U.S. at 577, 92 S. Ct. 2701). This "clear entitlement" test must be applied with "considerable rigor." Id. at 918. The test "focuses on the extent to which the

deciding authority may exercise discretion in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision." Crowley v. Courville, 76 F.3d 47, 52 (2d Cir. 1996)(quoting Zahra, 48 F.3d at 680)(internal quotation marks omitted); see Natale, 170 F.3d at 263 ("entitlement turns on whether the issuing authority . . . is required to issue [permit] upon ascertainment that certain objectively ascertainable criteria have been met"); Walz v. Town of Smithtown, 46 F.3d 162, 168 (2d Cir. 1995)(homeowner had property interest in an excavation permit because superintendent of highways had no discretion to decline to issue it if the application stated the nature, location, extent and purpose of the proposed excavations); Gagliardi v. Village of Pawling, 18 F.3d 188, 192–193 (2d Cir. 1994)(landowners had no property interest in enforcement of zoning laws for adjacent property, since the municipal officials had broad discretion in determining whether to grant or deny building permit, site plan, and variances); RRI Realty Corp., 870 F.2d at 918–19 (no property interest existed in a building permit since town officials had wide discretion to either grant or deny the permit). Even if "objective observers would estimate that the probability of [obtaining the relief sought] was extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally protected property interest." RRI Realty, 870 F.2d at 918.

Here, the Court must first identify the potential property right of which the Plaintiff was allegedly deprived. "[A] property interest can sometimes exist in *what is sought* — in addition to the property interest that exists in what is owned — provided there is a 'legitimate claim of entitlement to the benefit in question.'" Zahra, 48 F.3d at 679–80 (emphasis added). Again, whether the Plaintiff possesses a protected property right interest in the proposed structure turns on whether, under applicable state law, "absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." Walz v.

Town of Smithtown, 46 F.3d 162, 168 (2d Cir. 1995)(quoting Yale Auto Parts v. Johnson, 758 F.2d 54, 59 (2d Cir. 1985)). More specifically, "entitlement turns on whether the issuing authority lacks discretion to deny the permit, i.e., is required to issue it upon ascertainment that certain objectively ascertainable criteria have been met." Natale, 170 F.3d at 263.

Here, the Plaintiff alleges a constitutionally protected property interest in building the basketball court by virtue of the Grant's allowance for "compatible recreational uses" on the Property, including that portion of the Property that is the subject of the agricultural reserve easement granted to the Town. In opposition, the Defendants point to the fact that the Grant does not define "a compatible recreational use."

However, the Court need not decide whether the Plaintiff has properly alleged a constitutionally protected property interest in its right to erect the basketball court because, in the Court's view, the Plaintiff fails to satisfy the second prong of a Substantive Due Process claim – "that [the] defendants infringed on [any] property right in an arbitrary or irrational manner." Cine SK8, Inc. V. Town of Henrietta, 507 F.3d 778, 784 (2d Cir. 2007). In other words, the Plaintiff must show the government's infringement was "'arbitrary,' 'conscience shocking,' or 'oppressive in the constitutional sense,' not merely 'incorrect or ill-advised.'" Ferran v. Town of Nassau, 471 F.3d 363, 369–70 (2d Cir. 2006) (quoting Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994)); see also Harlen Assocs. V. Incorp. Vill. of Mineola, 273 F.3d 494, 505 (2d Cir. 2001)("As we have held numerous times, substantive due process 'does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit . . . . [Its] standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority.'")(quoting Natale, 170 F.3d at 263); Crowley v. Courville, 76 F.3d 47, 52 (2d Cir. 1996)(explaining that a plaintiff meets the

second prong of the Substantive Due Process test "only when government acts with no legitimate reason for its decision")(citation and quotation marks omitted).

"In the zoning context, a government decision regulating a landowner's use of his property offends substantive due process if the government action is arbitrary or irrational. Government regulation of a landowner's use of his property is deemed arbitrary or irrational, and thus violates his right to substantive due process, only when government acts with no legitimate reason for its decision." Southview Assoc., Ltd. v. Bongartz, 980 F.2d 84, 102 (2d Cir. 1992) (citations and quotation marks omitted); see also Merry Charters, LLC v. Town of Stonington, 342 F. Supp. 2d 69, 78 (D. Conn. 2004)(explaining that the "denial by a local zoning authority violates substantive due process standards only if the denial 'is so outrageously arbitrary as to constitute a gross abuse of governmental authority'")(quoting Natale, 170 F.3d at 263).

Here, even accepting the Plaintiff's facts as true and construing them and the other factual allegations in a light most favorable to it, the Court concludes that the Plaintiff has at worst alleged that the ZBA misapplied Town Code § 330-51 to the Plaintiff's application rather than defer to the Plaintiff's interpretation of the meaning of a "compatible recreational use" under the terms of the Grant. The Court notes that there is no suggestion that the ZBA's denial of the appeal was motivated by ill will, racial or otherwise, or even individualized malice that could be deemed to shock the conscience. Under these circumstances, the Court finds that the Plaintiff has failed to adequately state a plausible claim for denial of its Substantive Due Process claim based upon alleged conduct that was "'arbitrary,' 'conscience shocking,' or 'oppressive in the constitutional sense,' not merely 'incorrect or ill-advised.'" Ferran, 471 F.3d at 369–70. Accordingly, the Court grants that part of the Defendants' motion to dismiss the Plaintiff's Substantive Due Process claim.

Having found that the Plaintiff fails to satisfy the second element of a Substantive Due Process Claim under § 1983, the Court need not address the Defendants' additional arguments that the (1) Plaintiff fails to state a Monell claim against the Town; (2) Plaintiff fails to allege the personal involvement of the Individual Defendants in the alleged underlying violation of the United States Constitution or federal law; or (3) Individual Defendants are entitled to qualified immunity.

Alternatively, the Plaintiff requests leave to amend the complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires."

However, here, the Court declines to afford the Plaintiff the proverbial second bite at the apple. The Plaintiff filed a lengthy and detailed complaint, containing 69 paragraphs of factual allegations. The Plaintiff "chose not to amend [its] pleadings at any prior point in this litigation. And [it has] requested leave to amend without any suggestion of what changes such amendment might effect." In re SAIC Inc. Derivative Litig., 948 F. Supp. 2d 366, 392 (S.D.N.Y. 2013), aff'd sub nom. Welch v. Havenstein, 553 F. App'x 54 (2d Cir. 2014); see also In re Goldman Sachs Mortgage Servicing S'holder Derivative Litig., ––– F. Supp. 2d ––––, ––––, No. 11 Civ. 4544 (WHP), 2012 WL 3293506, at *11 (S.D.N.Y. Aug. 14, 2012)("Here, Plaintiffs failed to advise this Court of how an amendment would cure defects in the Complaint. And they provide no suggestion that they can plead demand futility."). As a result, the Court has "no inkling of what [the] amendment might look like or what additional facts may entitle [the Plaintiff] to relief." St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010). "Rule 15(a) is not a shield against dismissal to be invoked as either a makeweight or a fallback

position in response to a dispositive motion." DeBlasio v. Merrill Lynch & Co., Inc., No. 07 Civ. 0318 (RJS), 2009 WL 2242605, at *41 (S.D.N.Y. July 27, 2009).

In this case, the Court concludes that granting leave to amend the complaint is inappropriate. The Plaintiff's request for leave to amend is therefore denied.

C. <u>Supplemental Jurisdiction Over the Breach of Contract Claim</u>

The exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. § 1367(a).

However, supplemental jurisdiction may be declined where all claims over which the Court had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c). The Second Circuit has observed that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Valencia ex rel. Franco v. Lee</u>, 316 F.3d 299, 305 (2d Cir. 2003).

In this case, despite the fact that there is a "related" action pending before this Court which survived a motion to dismiss, the Court declines to exercise supplemental jurisdiction over the New York State breach of contract claim. In this regard, the Court notes that although both actions involve the Grant and the Property, the claims in the two actions are legally distinct, and save for the Town, the identity and jurisdictional authority (the Planning Board versus Zoning Board) of the Defendants are different. For this reason, the Court grants that part of the

Defendants' motion to dismiss the Plaintiff's New York State breach of contract claim and dismisses that claim without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Defendants' motion to dismiss the Plaintiff's Substantive Due Process claim pursuant to Fed. R. Civ. P. 12(b)(6) is granted and that claim is dismissed; and it is further

**ORDERED**, that that Court declines to exercise supplemental jurisdiction over the Plaintiff's New York State breach of contract claim and that claim is dismissed without prejudice; and it is further

**ORDERED**, that the Plaintiff's letter motion to strike certain arguments raised in the Defendants' reply papers is denied as moot; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 16, 2014

                                                *Arthur D. Spatt*
                                                ARTHUR D. SPATT
                                                United States District Judge